IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAMONTE E. CHESNUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-0820-CV-W-RED |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Lamonte E. Chesnut ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

2

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff raises three main challenges to the ALJ's determination finding that he is not disabled. Plaintiff argues that the ALJ did not adequately develop the record, the ALJ did not adequately assess his credibility and that the ALJ erred in determining that he could perform his past relevant work.

*The ALJ did not violate her duty to adequately develop the record*

Plaintiff's sole argument with respect to the first issue is that the record was last updated in October 2007 even though the hearing took place on July 15, 2009 and the ALJ's decision was issued on August 7, 2009. However, as the Eighth Circuit has recognized, the duty to develop the record "is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). It is also worth noting that an "ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Id.*

3

In this case, Plaintiff has not shown how the ALJ failed to sufficiently develop the record. The record contains numerous medical records discussing Plaintiff's impairments and indicates that the symptoms from his ankle injury and diverticulitis have improved. Furthermore, Plaintiff does not offer any explanation as to how the records before the ALJ were inadequate for her to make a determination as to whether he was disabled, nor does Plaintiff cite to or discuss relevant records that were not before the ALJ. It is clear Plaintiff has not demonstrated that the ALJ failed to adequately develop the record and as such, the Court finds his first argument is without merit.

*The ALJ properly assessed Plaintiff's credibility*

The next challenge Plaintiff raises is that the ALJ did not adequately assess his credibility. The ALJ found that Plaintiff's credibility was undermined by the objective medical records which showed that Plaintiff's ankle injury and diverticular disease actually improved after treatment, he was not on any medication and his treating physicians placed very little restrictions on Plaintiff's daily activities.[2] The ALJ also found that Plaintiff's credibility was undermined by the fact that he was able to engage in many daily activities that are inconsistent with his testimony, such as cooking, vacuuming, washing dishes and laundry, grocery shopping, driving, exercising and working in his garden. These reasons are legitimate reasons for an ALJ to determine that a claimant's testimony is not credible. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (inconsistencies between a claimant's subjective complaints and daily activities undermines the claimant's credibility); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (noting that the "absence of objective medical evidence to support" a claimant's complaints undermines the claimant's credibility). As the ALJ articulated

---

[2] A couple of weeks after Plaintiff received surgery for his diverticular disease, Dr. Howard Kremer told Plaintiff not to lift anything heavier than 20 pounds.

4

reasons supporting her credibility analysis that are supported by the record, the Court finds that the ALJ did not err.

*The ALJ did not err in finding that Plaintiff could perform his past relevant work*

With respect to Plaintiff's final argument, he attempts to show that the ALJ erred by finding that he could perform his past relevant work. Plaintiff relies on his testimony at the hearing about his diverticulitis and his ankles. However, the Court has already found that the ALJ did not err in finding Plaintiff's testimony not entirely credible. Plaintiff also argues that at minimum, the ALJ should be required to adequately develop the record at step four in order to determine whether he can perform past relevant work, which the Court has already found that the ALJ has done. As the ALJ has not erred in adequately developing the record or in assessing Plaintiff's credibility and because the ALJ's decision is supported by vocational expert testimony, the ALJ's determination that Plaintiff could perform past relevant work is supported by substantial evidence. *See Boettcher v. Astrue*, 652 F.3d 860, 867 (8th Cir. 2011) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments.") (internal citation and quotations omitted). Therefore, the Court finds Plaintiff's final argument is without merit.

## CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED: January 27, 2012      */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT